Judge Carr
delivered his opinion.
In this case it seems, that a written notice of the place of taking the depositions, was given to Fulcher; but, that being lost, the person who gave it is introduced to prove the notice. He swears, that on the Tuesday before the Saturday on which the Justices first met, he, gave Fulcher a notice, to take the depositions, but he no where states in his affidavit a notice of the place of taking them. It is not unlikely that this was stated in his evidence before the Court, hut omitted in taking down that evidence. We, however, must go by the record, and this seems to be a *130 defect. But this is not the worst. In the certificate of the magistrates, they state that they had met at the Mayor’s Office of Georgetown on Saturday the 8th day of October, 1825, and. “thereafter, on Friday and Saturday, 14th and 15th of same month, and thence by adjournment, till Tuesday, 18th, for the examination of the witnesses,” ¡ke. and “ that no person appeared for Yeatman or Fulcher. ” The 8th of October was the day on which Fulcher had notice to attend. On that day, it seems, there was a mere meeting. How long it lasted, we are not told; nor did the magistrates adjourn to any further day. How then could Fulcher know that they would meet again on that business ? Or, what power had they to do so, without adjournment? The meeting on the 14th and 15th, was quite a distinct thing, and required a notice as much as the first meeting. I consider the depositions, therefore, as taken wholly without notice, and improperly admitted.
As to the Maryland law, it is objected* first, that it is not properly authenticated. I think it is. The Act of Congress says, that the Acts of the several Legislatures shall be authenticated, by having the seal of their State affixed thereto. This is the whole that is required. Here the seal is certainly affixed, and to this law, and with the sole view of authenticating the law. The mode seems somewhat roundabout; several officers attesting the authenticity of the Acts of each other. But, this is the mode which the State authorities have settled, and to them the Act meant to leave the matter. In the U. States v. Johns, 4 Dall. 412, the Court, composed of Judges Washington and Peters, say, “The Act of Congress does not require the attestation of any public officer in this case; although' in all the other cases provided for, such an attestation is required. There is good reason for the distinction. The seal is in itself the highest test of authenticity; and leaving the evidence upon that alone, precludes all controversy as to the officer entitled to affix the seal, which is a regulation very different in the different States.” Here we have the great *131 seal of the State affixed; and all controversy as to the proper officer to affix it being precluded, we must take it that it is properly affixed.
The next objection, to wit, that this evidence ought not to bo admitted, because it is one section only of the Act, has a greater show of reason in it, hut yet is not sound, as I incline to think. The objection rests on this ground; that the whole law is one entire record, and that no part of a record can be used as evidence, without exhibiting the whole. This is true of judicial records, and for the best reason; that the whole record is one, and without the whole, you cannot tell what is the effect of it. But, with Legislative diets, it is different. We know well, that some of our Acts occupy many pages, and treat of many different parts of an extensive subject, and sometimes of different subjects, wholly unconnected with each other. We are told in .Plou’d. 65, that a statute often contains many branches, and “that these branches, though contained in one chapter, are several Acts of Parliament, and concern several matters; and then, where one branch only serves a man’s purpose, it is sufficient for him to recite that only; for the recital of that only is the recital of an entire and several Act of Parliament;” and if this rule hold in the strictness of pleading, I cannot see why it should not as to evidence. The section of the law of Maryland is perfect as to sense and purpose. It enacts that it shall not be lawful to bring a slave into the State, either for sale or residence there; and that any slave brought in, contrary to the Act, shall immediately be free. Now, we cannot suppose that in (his same Act, there can be any clause contradicting this; and if there should be one narrowing or modifying it; saying (for instance,) that where a citizen of Maryland acquires a slave by descent or marriage, he may bring him in, provided that, within such a time he has him registered; would not the claimant have to bring himself, by proof, withia the proviso? And if you would hold him to that, would it be any additional burthen to say he should produce the *132 law which authorised such proof? The law (if it exist) he may easily produce. The proof may be much more difficult. But, if no such proviso exist, will you require the pauper to prove this negative? My present impression then is, that the law is well authenticated; and that the section produced is admissible evidence; but, that the depositions were improperly admitted, there being no notice.
The judgments of both Courts should be reversed, and the cause sent back.
The other Judges concurred.